UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                      :

CHRISTIAN McKNIGHT,                  :

                                      :

                  Movant,        :             15 Cr. 607 (JPC)

                                        :             19 Civ. 2585 (JPC)

      -v-                            :

                                        :               OPINION

UNITED STATES OF AMERICA,       :      AND ORDER

                                        :

                Respondent.      :

                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      In October 2016, Christian McKnight pleaded guilty to, first, participating in a racketeering conspiracy, and second, committing a firearms offense relating to both the racketeering conspiracy and a drug trafficking conspiracy. The second offense was in violation of 18 U.S.C. § 924(c)(1)(A) and therefore carried a mandatory consecutive sentence of sixty months' imprisonment. In March 2017, McKnight was sentenced to a total term of 132 months' imprisonment. McKnight now moves to vacate his sentence, arguing that his section 924(c) conviction rested on that statute's since-invalidated "Residual Clause." While the Supreme Court did invalidate the Residual Clause in *United States v. Davis*, 139 S. Ct. 2319 (2019), McKnight's section 924(c) conviction also was predicated on a different prong of section 924(c) for drug trafficking crimes, which remains valid. While McKnight argues that his plea allocution was insufficient to sustain a guilty plea to the drug crime aspect of his section 924(c) conviction, materials in the record, including McKnight's statements at his plea hearing, provide an adequate factual basis to support a section 924(c) conviction with a drug trafficking predicate. His motion is therefore denied.

## I. Background

McKnight was a member of the Leland Avenue Crew, a violent gang that operated in the vicinity of Leland Avenue in the Bronx.  Presentence Investigation Report ("PSR") ¶ 21.  From at least 2012 through September 2015, members and associates of the Leland Avenue Crew sold cocaine base, commonly known as "crack cocaine," and often resorted to violence, including shootings and murders, to protect their turf from rival drug dealers.  *Id.*. ¶¶ 21-27.  One of those rivals, a gang known as the Taylor Avenue Crew, controlled the distribution of crack cocaine in the vicinity of nearby Taylor Avenue.  *Id.* ¶¶ 21-22.  A violent rivalry developed between the Leland Avenue Crew and the Taylor Avenue Crew as a result of their proximity and competing drug businesses.  *Id.* ¶¶ 23-24.

McKnight personally distributed crack cocaine on Leland Avenue, working closely with other gang members.  *Id.* ¶ 34.  On April 19, 2015, McKnight and two Leland Avenue Crew associates were smoking marijuana, were approached by the police, and fled, leaving behind a loaded handgun.  *Id.*  McKnight also attempted to murder Allen McQueen, a leader of the Taylor Avenue Crew, in a shooting on January 4, 2014.  *Id.*; Plea Tr. at 22-23.

On September 3, 2015, a grand jury in this District returned a sealed Indictment charging McKnight and seven others with crimes arising from their alleged involvement in the Leland Avenue Crew.  *See* Dkt. 1 ("Indictment").  The Indictment charged McKnight with three counts: (1) a racketeering conspiracy, alleging a pattern of racketeering activity consisting of multiple acts of murder and multiple acts of drug distribution, *see* 18 U.S.C. § 1962(d); (2) a conspiracy to distribute and possess with intent to distribute 280 grams and more of cocaine base, *see* 21 U.S.C. §§ 846, 841(b)(1)(A); and (3) the use and carrying of firearms in relation to a crime of violence, namely, the racketeering conspiracy, as well as the possession of firearms in furtherance of the

conspiracy, and the aiding and abetting of the same, with firearms being discharged, *see* 18 U.S.C. §§ 924(c)(1)(A)(iii), 2.  Indictment ¶¶ 1-9, 13-15, 18.[1]

On October 11, 2016, McKnight pleaded guilty before the Honorable William H. Pauley III[2] to a two-count Superseding Information.  *See* Dkt. 97 ("Superseding Information"); Dkt. 98; Plea Tr.  Like the original Indictment, Count One of the Superseding Information charged a racketeering conspiracy from in or about 2012 through in or about September 2015, involving multiple murder-related offenses in violation of New York law and the distribution of controlled substances, including crack cocaine and marijuana, in violation of 21 U.S.C. §§ 846 and 841. Superseding Information ¶¶ 1-9.  And like the original Indictment, the Superseding Information charged a violation of 18 U.S.C. § 924(c) in Count Two.  *Id.* ¶ 10.  However, while the Indictment's section 924(c) charge was predicated on only a crime of violence, the Superseding Information's was predicated on both a crime of violence and a drug trafficking crime.  *Id.*  The underlying crime of violence was the racketeering conspiracy charged in Count One and the underlying drug trafficking crime was a conspiracy by Leland Avenue Crew members to distribute crack cocaine in violation of 21 U.S.C. § 846.  *Id.*

At McKnight's guilty plea hearing before Judge Pauley, McKnight confirmed under oath that he had read the Superseding Information and had discussed it with his attorney.  Plea Tr. at 8-9.  He also confirmed that he understood that the Superseding Information "charge[d] [him] with the use, carrying and possession of firearms, and aiding and abetting the use, carrying and possession of firearms . . . during and in relation to a crime of violence and a narcotics trafficking

---

[1] Another defendant, James Capers, was additionally charged in various counts related to McQueen's murder on July 7, 2015.  *See* Indictment ¶¶ 10-12 (18 U.S.C. §§ 1959(a)(1), 2), 16 (21 U.S.C. § 848(e)(1)(a); 18 U.S.C. § 2), 18 (18 U.S.C. §§ 924(c)(1)(A)(iii), 2).

[2] This case was previously assigned to Judge Pauley and was reassigned to the undersigned on July 6, 2021.

crime." *Id.* at 9-10.  The prosecutor explained that the charge covered "both ways of violating the statute," namely, a "crime of violence" and a "drug trafficking conspiracy that is not charged but which [the Government] expect[ed] the defendant to allocute to." *Id.* at 12.  McKnight confirmed that he had "listened closely" to the prosecutor before pleading guilty. *Id.* at 12, 22.  He allocuted that he "conspired with others between 2012 and 2015 to commit acts that benefitted the . . . racketeering conspiracy," and that the racketeering conspiracy included his engagement in "narcotics trafficking," specifically of "[c]rack." *Id.* at 19-20, 23.  McKnight further admitted that he "carried firearms" as part of his participation in the racketeering conspiracy. *Id.* at 20; *accord id.* at 19 ("I did possess a firearm in connection with my membership in the conspiracy."). McKnight also confirmed that he fired a weapon at McQueen. *Id.* at 23.  McKnight's counsel agreed that there was "an adequate factual basis" to support McKnight's guilty plea. *Id.* at 19. Judge Pauley then accepted McKnight's guilty plea to both Counts of the Superseding Information as knowing and voluntary. *Id.* at 24-25.

On March 30, 2017, Judge Pauley sentenced McKnight to seventy-two months of imprisonment on Count One and sixty months on Count Two, to be served consecutively.  Dkt. 216 ("Sentencing Tr.") at 17; Dkt. 215.  At McKnight's sentencing, Judge Pauley commented that he had presided over a trial in this case, during which he "saw all the violence.  It's open warfare between the Leland Avenue Crew and the Taylor Avenue Crew. . . .  [A] lot of very innocent people get hurt, and the community is terrorized."  Sentencing Tr. at 16.  Judge Pauley further expressed at sentencing his "concern[]" about McKnight's "multiple incidents with firearms and shootings," and explained that McKnight was "clearly a danger to the community and everybody in this room."  *Id.* at 17.

On March 21, 2019, McKnight moved *pro se* to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. 255. The Government opposed, Dkt. 264 ("First Opposition"), and McKnight replied, 19 Civ. 2585, Dkt. 10. McKnight then filed what was docketed as an amended motion to vacate on January 4, 2021, Dkt. 289 ("Motion"), the Government again opposed, Dkt. 294 ("Second Opposition"), and McKnight replied, Dkt. 295.[3]

## II. Legal Standards

Title 28, United States Code, Section 2255 permits inmates in federal custody to collaterally challenge the legality of their sentences:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "[A] collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citations omitted).

The Court is obliged to construe *pro se* pleadings liberally and to interpret them to raise the "strongest arguments that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

---

[3] The Government did not oppose on the grounds of either procedural default or the collateral attack waiver in McKnight's plea agreement. *See* First Opposition; Second Opposition; Dkt. 307 (waiving any prior argument based on the collateral attack waiver in the plea agreement).

### III.  Discussion

**A.  *United States v. Davis***

A conviction under section 924(c) entails a mandatory consecutive term of imprisonment when a defendant used or carried a firearm during, or possessed a firearm in furtherance of, a "crime of violence or drug trafficking crime."  18 U.S.C. § 924(c)(1)(A).  The statute defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."  18 U.S.C. § 924(c)(2).  And it defines a "crime of violence" as a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  *Id.* § 924(c)(3).  The latter definition of "crime of violence" under section 924(c)(3)(B) is commonly called the "Residual Clause."

McKnight argues that the Supreme Court's decision in *Davis* requires the vacatur of his sentence.  Motion at 3.  Applying the categorical approach, the *Davis* Court held that the definition of "crime of violence" in section 924(c)(3)(B)'s Residual Clause is unconstitutionally vague.  139 S. Ct. at 2336.  As the Court explained, the provision "provides no reliable way to determine which offenses qualify as crimes of violence."  *Id.* at 2324.

The analysis does not end there, however.  *Davis* had no impact on sentences imposed for offenses under the "drug trafficking crime" prong of section 924(c)(1)(A).  *See, e.g.*, *Moye v. United States*, No. 15 Cr. 607 (JPC), 2021 WL 5235049, at *3 (S.D.N.Y. Nov. 10, 2021); *Estrada v. United States*, No. 13 Cr. 272 (PGG), 2020 WL 6048302, at *4 (S.D.N.Y. Oct. 11, 2020); *United States v. Rhodes*, No. 12 Cr. 31 (VM), 2020 WL 1814116, at *1 (S.D.N.Y. Apr. 9, 2020); *Harris v. United States*, No. 15 Cr. 445 (PAE), 2019 WL 5887386, at *1 (S.D.N.Y. Nov. 12, 2019).  As

noted above, a "drug trafficking crime," for purposes of section 924(c)(1)(A), includes "any felony punishable under the Controlled Substances Act (21 U.SC. 801 *et seq.*)."  18 U.S.C. § 924(c)(2).

Whereas the original Indictment charged a section 924(c) offense with only one predicate, the racketeering conspiracy, the Superseding Information to which McKnight pleaded guilty charged a section 924(c) offense with two predicates, charged in the conjunctive: a racketeering conspiracy and a drug trafficking conspiracy in violation of 21 U.S.C. § 846.  *Compare* Indictment ¶ 16 *with* Superseding Information ¶ 10 ("during and in relation to a crime of violence *and* a drug trafficking crime" (emphasis added)).  The Government specifically noted and explained this change at McKnight's guilty plea hearing.  Plea Tr. at 12.  The latter predicate, a violation of the Controlled Substances Act, is a "drug trafficking crime" for purposes of section 924(c).

A "drug trafficking crime" therefore was a predicate offense for McKnight's section 924(c) conviction.  And one qualifying predicate offense is sufficient to sustain that conviction.  *See United States v. Walker*, 789 F. App'x 241, 244-45 (2d Cir. 2019); *accord In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (explaining that "a § 924(c) conviction [can be] fully supported by . . . drug-trafficking crimes, and . . . therefore [lie] outside the scope of *Davis*, . . . [e]ven assuming [a] companion [underlying] offense. . . no longer qualifies"); *Melicharek v. United States*, No. 21 Civ. 1116 (LGS), 2021 WL 4238163, at *3 (S.D.N.Y. Aug. 27, 2021) (denying habeas relief post-*Davis* where the other predicate crime underlying the movant's section 924(c) conviction remained a "crime of violence").  While McKnight argues that he was not independently convicted of the cocaine trafficking conspiracy, Motion at 2, a separate conviction is not necessary to sustain a section 924(c) predicate, *see Johnson v. United States*, 779 F.3d 125, 129-30 (2d Cir. 2015) ("The plain language of § 924(c) requires only that the predicate crime of violence (or drug trafficking)

have been committed; the wording does not suggest that the defendant must be separately charged with that predicate crime and be convicted of it.").

## B. Adequate Factual Basis

McKnight argues that his section 924(c) conviction nevertheless should be vacated because he "did not alloc[u]te or admit to possessing a firearm during and in relation to a drug trafficking crime." Motion at 2.  The Court construes this as an argument that "his guilty plea to the § 924(c) conviction violated Federal Rule[] of Criminal Procedure . . . 11 because there was no factual basis for the Court to conclude that [the movant] used the firearm in connection with the drug trafficking offense." *Gill v. United States*, No. 13 Cr. 777 (AJN), 2021 WL 4555173, at *5 (S.D.N.Y. Oct. 5, 2021).  The factual basis requirement obliges "the district court [to] simply satisfy itself that 'the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty.'"  *United States v. Robinson*, 799 F.3d 196, 199 (2d Cir. 2015) (quoting *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997)).  Because McKnight did not object to the factual basis of his guilty plea before Judge Pauley, whether at his plea hearing, Plea Tr. at 19, 23-24, or at his sentencing, Sentencing Tr. at 19, the Court reviews the question only for plain error.  *See United States v. Murphy*, 942 F.3d 73, 84 (2d Cir. 2019).  Plain error requires that "(1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings."  *Id.* (citation, internal quotation marks, and modifications omitted).

As noted above, a conspiracy to distribute narcotics qualifies as a drug trafficking crime for purposes of section 924(c), *see* 18 U.S.C. § 924(c)(2); 28 U.S.C. § 846, and McKnight was charged with using and possessing firearms in connection with such a conspiracy, Superseding Information ¶ 10.  "The elements of a conspiracy to distribute or possess with intent to distribute

narcotics in violation of 21 U.S.C. § 846 are 'the existence of [such] a conspiracy and the defendant's willful joining it.'"   *United States v. Medrano*, 511 F. App'x 40, 41 (2d Cir. 2013) (quoting *United States v. Story*, 891 F.2d 988, 992 (2d Cir.1989)) (alteration in original); *accord Thompson v. United States*, No. 16 Civ. 3468 (AJN), 2018 WL 327249, at *5 (S.D.N.Y. Jan. 3, 2018).   At his guilty plea hearing, McKnight sufficiently allocuted to participating in a narcotics distribution conspiracy in violation of section 846.   McKnight admitted that he "conspired with others between 2012 and 2015 to commit acts that benefited the . . . racketeering conspiracy," that "narcotics trafficking . . . was part of [his] agreement in [the] racketeering conspiracy," that he was involved in trafficking "[c]rack," and that he knew his conduct was illegal.   Plea Tr. at 19-20, 23.

Moreover, the factual basis to support a valid guilty plea need not only come from a defendant's allocution.   *See* Fed. R. Crim. P. 11(b)(3) ("*Before entering judgment on a guilty plea, the court must determine there is a factual basis for the plea.*" (emphasis added)).   For instance, the Second Circuit has commented that the factual basis to support a plea may include "any other evidence . . .  in the record at the time of the plea," *Robinson*, 799 F.3d at 199-200, and has further explained that a district judge is not even "limited to considering the materials available at the time of the change of plea," but also may "look to 'the defendant's own admissions,' and to 'statements of the defendant, of the attorneys for the government and the defense, or of the presentence report when one is available,'" *United States v. Lloyd*, 901 F.3d 111, 123 (2d Cir. 2018) (quoting *United States v. Pattee*, 820 F.3d 496, 509 (2d Cir. 2016)).   Here, statements by the Government and defense attorney at the guilty plea hearing and statements in the Presentence Investigation Report, whose factual findings McKnight did not object to[4] and Judge Pauley expressly adopted, *see*

---

[4] At sentencing, McKnight's counsel confirmed that there were no factual matters in the Presentence Investigation Report that warranted modification or correction.   Sentencing Tr. at 2.

Sentencing Tr. at 2, 14, further demonstrate that McKnight engaged in a conspiracy to distribute narcotics. *See, e.g.*, Plea Tr. at 22 (the prosecutor explaining that "[i]n connection with [McKnight's] membership in the [Leland Avenue Crew,] he sold drugs in the area that was restricted to members of the Leland Crew, and specifically crack cocaine"); *id.* at 21 (the prosecutor explaining that "the gang controlled drug sales, specifically sales of crack cocaine, in the area of Leland Avenue in the Bronx"); *id.* at 24 (McKnight's attorney explaining that "[McKnight] agrees that the conspiracy was" "involved in distributing 280 grams or more" of crack cocaine); PSR ¶ 21 ("Members of the crew that distributed crack on Leland Avenue . . . included . . . Christian McKnight.").

McKnight also allocuted that he "carried firearms" and "possess[ed] a firearm in connection with [his] membership" in a conspiracy that involved the trafficking of narcotics. Plea Tr. at 19-20. He thus admitted to "possess[ing] a firearm" "in furtherance of" a drug trafficking crime and "carr[ying] a firearm" "in relation to" that drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). As the prosecutor explained at the plea hearing, and as also laid out in the Presentence Investigation Report, McKnight's gang had a violent rivalry with the Taylor Avenue Crew over the narcotics trade in the area. PSR ¶ 23; Plea Tr. at 21. McKnight in fact admitted at his guilty plea to one specific use of firearms in service of the Leland Avenue Crew's violent rivalry with the Taylor Avenue Crew: his "involve[ment] in discharging a firearm at a rival gang member," *i.e.*, shooting McQueen, a leader of the Taylor Avenue Crew. Plea Tr. at 23; *see also id.* at 22 (prosecutor describing this conduct).

The broader context of the plea hearing further confirms that McKnight admitted to possessing a firearm in furtherance of and in relation to the drug trafficking conspiracy. He said that he understood the firearms charge against him, including that it alleged the use, carrying, and

possession of firearms "in relation to a crime of violence and a narcotics trafficking crime." Plea Tr. at 10. He stated that he "listened closely" to the Government's explanation that Count Two of the Superseding Information charged "both ways of violating the [section 924(c)] statute," including "a drug trafficking conspiracy." *Id.* at 12. He said that he "fully under[stood]" the agreement to plead guilty to the charges in the Superseding Information and "discuss[ed] it with [his] attorney." *Id.* at 17. McKnight's attorney, as well as the prosecutor, agreed that there was "an adequate factual basis to support" the guilty plea to the section 924(c) charge. *Id.* at 19.

And finally, McKnight's argument would seem to imply that he would only have pleaded guilty to a section 924(c) offense with both a violent crime predicate and drug trafficking predicate, not to a section 924(c) offense with only the latter predicate. This "defies logic," including because the evidence supported both predicates and "the punishment would have been identical." *Diaz v. United States*, No. 20 Civ. 232 (RJS), 2020 WL 5731610, at *4 (S.D.N.Y. Sept. 24, 2020).

For all these reasons, the materials in the record firmly support a factual basis that McKnight possessed a firearm in furtherance of, and carried a firearm in relation to, a drug trafficking crime.

## IV.  Conclusion

Because *Davis* did not impact the validity of the drug trafficking predicate to McKnight's section 924(c) conviction, and an adequate factual basis existed for McKnight's guilty plea as to that drug trafficking predicate, his motion to vacate his sentence is denied. The Clerk of Court is

respectfully directed to close the motions pending at Docket Numbers 255 and 289 in case 15 Cr.

607, to close case 19 Civ. 2585, and to mail this Opinion and Order to the *pro se* movant.

      SO ORDERED.

Dated: December 1, 2021
      New York, New York

                               JOHN P. CRONAN
                          United States District Judge